Submitted April 28, vacated and remanded June 24, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DZHAMAL KASNOVICH RAGIBOV,
aka Dzhamal K. Ragibov,
*Defendant-Appellant.*

Multnomah County Circuit Court
120849431; A153551

353 P3d 1247

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this criminal case, defendant was charged with one count of driving under the influence of intoxicants (DUII), ORS 813.010; one count of reckless driving, ORS 811.140; and two counts of criminal mischief in the second degree, ORS 164.354. The charges were based on a three-car accident. The state contended that defendant was the driver of a car that rear-ended a second car, which, in turn, rear-ended a third car. Defendant contended that he had not been driving, his wife had. The trial court excluded evidence that defendant's wife had told three medical treatment providers that she had been driving, and a jury convicted defendant. Defendant appeals, assigning error to the trial court's exclusion of the evidence. For the reasons explained below, we vacate the trial court's judgment and remand for further proceedings.

Prior to trial, defendant moved to admit medical records to show that his wife had told three different medical treatment providers who examined her on the day of the accident that she had been the driver. The state stipulated that the medical records themselves were admissible as business records. *See* OEC 803(6). As a result, the evidentiary issue before the trial court was whether the statements by defendant's wife that were documented in the records were admissible. The statements are hearsay, in that they are out-of-court statements that defendant sought to have admitted to establish the truth of the matter asserted: that his wife was the driver. *See* OEC 801(3) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). As such, they could be admitted only pursuant to an exception to the hearsay rule. *See* OEC 802 (hearsay is not admissible unless an exception applies). Defendant argued that the statements were admissible under OEC 803(4), which provides for admission of hearsay statements made for purposes of medical diagnosis and treatment. The trial court denied defendant's motion. As an offer of proof, defendant submitted the medical records.[1]

---

[1] After the accident, defendant moved his wife—who, according to both parties' witnesses, was screaming in pain—from their car to a grassy area, which is where she was when the first emergency responders, an ambulance team, arrived.

The case proceeded to a jury trial, where the parties contested whether defendant had been the driver.[2] Defendant and his wife testified that she had been the driver, and defendant introduced evidence that, after his wife was treated at the scene and the hospital, she spoke to a police officer and told him that she had been the driver. No evidence regarding what defendant's wife said to medical providers was admitted.[3] The state challenged the credibility of defendant and his wife and presented a witness who identified defendant as the driver at the scene. But the witness, who had been a passenger in one of the cars involved in the accident, testified that, when he made his observations, he was "[n]ot really" able to see defendant's car clearly because he was "dizzy from the impact" and that, at the time of trial, he did not remember the accident very well. Defendant challenged the accuracy of the witness's observations, which were made immediately after the accident and in the dark. The jury found defendant guilty of the four charged crimes, and this appeal followed.

---

The first medical record is a report written from a paramedic who treated defendant's wife at the scene. The report states:

> "The pt was a seat belted driver of a vehicle that ran into another vehicle. Front airbags deployed. There is front end damage to the vehicle. There is no intrusion into the vehicle and there is no scarring to the window. * * * Pts chief complaint is upper abdominal pain as well as bilateral leg pain."

The second medical record is a report written by a nurse at the hospital to which defendant's wife was taken after the accident. The report states "Reason for visit history[:] arrives by ems, restrained driver in front end MVA with + airbag. Pt denies LOC, reports upper abd pain and bilat knee pain." The report also states that the "[a]dmission info" was provided by defendant's wife and a paramedic. The third medical record is a report written by a doctor at the same hospital. It states, "The patient was the restrained driver involved in a head on collision[.]" It also identifies the "History Source" as "Patient, EMS." The state does not dispute that wife was the person who told the treatment providers that she was the driver. As mentioned, the paramedic did not arrive on the scene until after wife was removed from the car.

[2] As the prosecutor stated several times in closing argument, the "real question" in the case was whether defendant or his wife had been the driver.

[3] The state objected when defendant's wife attempted to testify at trial that she had told doctors that she had been driving. The trial court sustained the objection and instructed the jury to disregard the testimony. Similarly, when defendant presented the paramedic who treated defendant's wife at the scene of the accident, the state objected to the paramedic's testimony regarding whether he asked defendant's wife if she was the driver, and the court sustained the objection.

On appeal, defendant assigns error to the trial court's exclusion of his wife's statements that she had been driving at the time of the accident. As explained below, we conclude that the trial court erred in excluding the statements for the reasons it did and, therefore, we vacate and remand for further proceedings.

When reviewing a trial court's ruling regarding whether evidence is admissible under an exception to the hearsay rule, we will "uphold the trial court's preliminary factual determinations if any evidence in the record supports them." *State v. Cook*, 340 Or 530, 537, 135 P3d 260 (2006). We review "the trial court's ultimate legal conclusion, as to whether the hearsay statement is admissible under an exception to the hearsay rule, to determine if the trial court made an error of law." *Id.*

As mentioned, in the trial court, defendant argued that his wife's statements to the medical treatment providers were admissible under OEC 803, which provides, in pertinent part:

"The following are not excluded by ORS 40.455 [OEC 802], even though the declarant is available as a witness:

"* * * * *

"(4)  Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

There are three requirements for admission of a statement under OEC 803(4): (1) The statement must be made for the purpose of medical diagnosis or treatment; (2) it must describe medical history, symptoms, pain or sensations, or the cause or external source of the injury; and (3) it must be reasonably pertinent to diagnosis or treatment. *State v. Moen*, 309 Or 45, 55, 786 P2d 111 (1990). OEC 803(4) is based on the beliefs that "the patient's desire for proper treatment or diagnosis outweighs any motive to falsify" and that "a fact reliable enough to serve as the basis for a diagnosis is also reliable enough to escape hearsay proscription." *Id.* (citations and internal quotations omitted).

Regarding the admissibility of defendant's wife's statements to the medical treatment providers, the trial court and defense counsel engaged in the following colloquy:

"THE COURT: * * * You are specifically asking me to allow you to introduce medical records into evidence because of the fact that it was necessary for her injuries. All right? Even assuming that I'm going to find that her injuries are relevant to this particular case—which I'm not going to do—*how in the world does her statement that she was driving, or her statement that she was walking, or her statement that she was buckled or—well, buckling might have something to do with it—you're not convincing me at all that this is material to any issues that we have right now.*

"[DEFENSE COUNSEL]: Because we have—there are leg injuries that are discussed there, which she hit—her legs hit the steering wheel. That's relevant.

"THE COURT: Does the doctor say, 'This is a steering wheel injury?'

"[DEFENSE COUNSEL]: I don't think they draw that necessary conclusion.

"THE COURT: No, they don't. They don't.

"[DEFENSE COUNSEL]: But—

"THE COURT: The only thing you're asking me to do is allow these medical records in because of the fact that she made the statement that she was driving the car, and I'm asking you to somehow get around the fact that that is rank hearsay.

"[DEFENSE COUNSEL]: Under *State v. Bella*[, 231 Or App 420, 220 P3d 128 (2009), *rev den*, 347 Or 608 (2010),] * * * that was the domestic violence case where a woman goes to the hospital and the statement's allowed, 'What happened to you,' she had sustained some type of knife wound, 'My boyfriend stabbed me.' So, the 'my boyfriend stabbed me' was admissible.

"THE COURT: Okay, so that's—that has a direct causal relationship between the statement and the injury.

"[DEFENSE COUNSEL]: And here, we have her injuries were caused—she had the airbag deployed out of—out of the steering wheel into her chest, her legs hit the steering wheel, therefore, her statement, 'I was the driver of this

vehicle, this is how my injuries happened,' is a statement made for purposes of medical diagnosis.

"THE COURT:   Denied. There's nothing in there that is a direct—can directly show, and if there was, I'm sure you could have called the doctor or the medical technician in. So that your motion to allow those is denied."

(Emphasis added.)

The trial court's reasoning is not entirely clear. The court stated that defendant's wife's statements were not "necessary for her injuries" (although whether she was buckled might have "something to do with it"). The court also suggested that only statements that describe a "direct causal relationship" between a circumstance and an injury can be admitted under OEC 803(4). And, the court faulted defendant for not calling "the doctor or medical technician in."

To the extent that the trial court excluded defendant's wife's statements on the ground that they were not relevant to her medical diagnosis or treatment (either because they were not "necessary for her injuries" or because they did not describe the "direct caus[e]" of defendant's wife's injuries), the court erred. OEC 803(4) does not require that a declarant identify the direct cause of an injury or illness. By its terms, OEC 803(4) applies to statements describing "the inception or general character of the cause or external source" of symptoms, pain, or sensations "insofar as reasonably pertinent to diagnosis or treatment." OEC 803(4); *see also* Legislative Commentary to OEC 803(4), *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 803.04[2], 796 (6th ed 2013) ("a statement that the declarant was struck by an automobile would not be excluded" because it is relevant to causation); *Moen,* 309 Or at 56-58 (a victim's statements to her physician about a defendant's presence in her home, his abusive conduct, and her resulting fears were admissible under OEC 803(4) because they were relevant to the diagnosis and treatment of her depression).

Here, defendant's wife's statements that she was driving the vehicle describe the "general character of the cause or external source" of her injuries, and they are "reasonably pertinent to [her] diagnosis or treatment." OEC

803(4). As defense counsel argued below, defendant's wife's position in the vehicle was relevant to a diagnosis of her potential injuries, which could include injuries from the steering wheel and its airbag.

In addition, to the extent that the trial court concluded that defendant needed to call "the doctor or the medical technician" to testify that his wife made the statements, the trial court was incorrect. As the legislature observed in its commentary to OEC 803(4), "[s]tatements to hospital attendants, ambulance drivers or even members of the family or friends may be within the scope of the exception." Legislative Commentary to OEC 803(4), *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 803.04[2], 796 (6th ed 2013); *State ex rel Juv. Dept. v. Pfaff,* 164 Or App 470, 481-84, 994 P2d 147 (1999), *rev den,* 331 Or 193 (2000) (in order for statements to be admissible under OEC 803(4), the person making the statements need not be a patient, and the person to whom the statements are made need not be a physician).

Thus, the trial court erred in excluding defendant's proffered evidence for the reasons it did.

The state argues that, if the trial court erred, the error was harmless. *See* Or Const, Art VII (Amended), § 3 (if a trial court's judgment "was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial"); OEC 103(1) (evidentiary error does not require reversal unless a substantial right of a party is affected). Evidentiary error is harmless only if there is "little likelihood that the error affected the jury's verdict." *State v. Davis,* 336 Or 19, 32, 77 P3d 1111 (2003). When determining whether evidentiary error is harmless, the focus of the inquiry "is on the possible influence of the error on the verdict rendered, not whether [the reviewing court], sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Id.* at 32.

We conclude that the trial court's erroneous exclusion of the evidence was not harmless. The only disputed issue in the case was whether defendant was the driver. Defendant's defense, as expressed in his attorney's opening

statement and closing argument, was that defendant's wife was driving and that "she tried to tell anybody who would listen * * * that she was the one driving." That defense was significantly hampered by the trial court's ruling that defendant could not present evidence that his wife told three different medical treatment providers, who examined her on the day of the accident, that she had been the driver. Although defendant was able to introduce evidence that, on the day of the accident, defendant's wife told a police officer that she had been the driver, the state challenged the credibility of that statement. Evidence of defendant's wife's statements to the medical treatment providers would have helped defendant counter the state's challenge to defendant's wife's credibility because it would show that she had identified herself as the driver to the first emergency responders at the scene and continued to do so while being treated at the hospital, which was before she spoke to the police officer. Thus, the evidence would show that defendant's wife had made consistent statements about being the driver and had done so in settings where the statements could have an immediate effect on her physical well-being. In addition, because defendant's wife had made the statements outside the presence of the police, admission of the statements would have helped defendant rebut the state's claim that she made the statements to protect him from criminal prosecution.

Because the trial court erred in excluding defendant's proffered evidence for the reasons it did and the error was not harmless, we must remand for the trial court to reconsider whether the evidence is admissible under OEC 803(4).

As mentioned, there are three requirements for admission under OEC 803(4). *Moen*, 309 Or at 55. We conclude that, on this record, the second and third requirements—that the statements describe medical history, current symptoms, or the cause or external source of the injury and are reasonably pertinent to diagnosis or treatment—are met as a matter of law. Accordingly, we remand to the trial court to consider the first requirement—whether defendant's wife made the statements for the purpose of medical diagnosis or treatment, which is a factual determination. *See, e.g., State v. Nelson*, 181 Or App 593, 605, 47 P3d 521, *rev den,*

335 Or 90 (2002) (stating that, where alternative bases for granting or denying a motion to suppress exist and turn on factfinding by the trial court, a case should be remanded); *State v. Gaunce*, 114 Or App 190, 196, 834 P2d 512, *rev den*, 315 Or 271 (1992) (remanding to the trial court to determine searching officer's motive). If the trial court determines that defendant's wife made the statements for the purpose of medical diagnosis or treatment, then the court shall order a new trial; if, on the other hand, the trial court determines that she did not make the statements for the required purpose, then it shall reenter the judgment of conviction. *See, e.g., Gaunce*, 114 Or App at 196 (providing for alternative dispositions on remand, depending on trial court's factual finding).

Vacated and remanded.